UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN LAMONT ARMSTRONG,

        Petitioner,                              Case No. 1:06-CV-795

v.                                                  HON. GORDON J. QUIST

JENNIFER M. GRANHOLM,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's objections to the Magistrate Judge's Report and Recommendation issued on November 17, 2006, in which the magistrate judge recommended that the Court deny Petitioner's habeas claim because it is barred by the one year statute of limitations for filing such a claim. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Objections to a magistrate judge's report and recommendation regarding a case-dispositive motion and prisoner litigation are governed by W.D. Mich. LCivR 72.3(b). In submitting objections, a "party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentious," is insufficient to permit review of the magistrate's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Thus, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Id*.

Petitioner's objections fail to specify the portions of the magistrate judge's findings and recommendation that Petitioner contends are erroneous and should not be adopted. The report and recommendation examined the timeliness of Petitioner's petition for habeas corpus and concluded that it was time barred. However, Petitioner's objections do not address this issue. Petitioner merely raises arguments related to his sentencing.

To the extent that Petitioner requests equitable tolling of the statute of limitations for filing his habeas corpus petition, Petitioner has failed to allege any facts or circumstances to warrant its application. The Supreme Court has indicated that a petitioner seeking equitable tolling of this statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005) (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58 (1990)). Because Petitioner's petition and objections failed to support the application of equitable tolling with any facts or circumstances, the magistrate judge properly concluded that Petitioner is not entitled to equitable tolling of the statute of limitations. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on November 17, 2006 (docket no. 2), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

The case is **concluded**.

Dated: September 4, 2007                                           /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE